UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMIAH A. DEWEY,

                Petitioner,                Case No. 2:18-cv-13593
                                                  Hon. Nancy G. Edmunds

v.

CONNIE HORTON,

                Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Jeremiah A. Dewey, an inmate at the Chippewa Correctional Facility, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2014 Presque Isle Circuit Court jury trial convictions of five counts of first-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520b. Petitioner was resentenced to a controlling term of 22 to 40 years' imprisonment on October 3, 2016. Petitioner appealed from his resentencing, and that appeal remains pending in the Michigan Court of Appeals. Before the Court is Respondent's motion to dismiss the petition because Petitioner has not exhausted his state court remedies. For the reasons stated below, the Court will grant Respondent's motion, and it will dismiss the petition without prejudice.

## I. Background

Following his conviction and initial sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals. His appellate counsel filed a brief on appeal raising the following claims:

> I. Defendant-Appellant is entitled to resentencing where the present minimum sentences violated the principles of proportionality and the trial court's reasons for

sentencing defendant-appellant above the recommended sentence guideline ranges were insufficient to justify the departure.

II. Defendant-Appellant is entitled to resentencing where the trial court abused its discretion in the scoring of offense variable 13, resulting in a disproportionate sentence.

The Michigan Court of Appeals granted Petitioner partial relief, and the case was remanded to the trial court to determine whether a new sentence was warranted based on advisory rather than mandatory sentencing guidelines. *People v. Dewey*, No. 324275 (Mich. Ct. App. Feb. 16, 2016).

At a proceeding held in the trial court on October 3, 2016, the trial court indicated that had the guidelines been merely advisory it would have imposed the same sentence. The court entered a new judgment of sentence. Dkts. 7-1, at 11; 7-21, at 7.

Petitioner filed a claim of appeal from the new judgment of sentence. His brief on appeal, which was filed on February 20, 2019, raised the following claims:

> I. The recent Michigan Supreme Court decision in *People v. Steanhouse*, 902 N.W.2d 327 (Mich. 2017), establishes that the trial court imposed an unreasonable sentence where it failed to explain how and why the extent of the upward departure sentence was reasonable and proportionate and where the trial court wholly disregarded the advisory guideline range.
>
> II. Mr. Dewey was improperly assessed 10 points for OV 3.
>
> III. Mr. Dewey was improperly assessed 25 points for OV 13 in Case #092851.
>
> IV. The trial court erred by allowing irrelevant information to remain in Mr. Dewey's PSI in Case #092851, over the objection of defense counsel.

As of the date of this Opinion, Petitioner's appeal remains pending in the Michigan Court of Appeals.

Petitioner's federal petition raises claims not presented to the state courts either in his first appeal nor in his pending second appeal:

> I. Actual innocence

  II. Michigan State and U.S. Constitutional rights violations

  III. Fraud upon the Court by Officers of the 53rd Circuit Court of Presque Isle

  IV. Prosecutor Misconduct and Judicial Conflicts of Interest

## II. Discussion

  A federal habeas petitioner must exhaust remedies available in the state courts before filing his petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971). To properly exhaust state remedies, a habeas petitioner must present each of his federal issues to both the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (emphasis added). Here, Petitioner has not exhausted his state court remedies with respect to any of his habeas claims because he did not raise them in either his direct appeal from his initial sentence, nor is he raising them in his pending appeal from his resentencing. The petition is thus subject to dismissal without prejudice. *Rose v. Lundy*, 455 U.S. 509, 522 (1982)

  While Petitioner asserts in his reply to Respondent's motion that his failure to exhaust should be excused because he feels he has no chance of obtaining relief in the state courts, "[a Petitioner] may not bypass the state courts simply because he thinks they will be unsympathetic to [his] claim." *Engle v. Isaac*, 456 U.S. 107, 130 (1982). Moreover, the Court notes that even if Petitioner fails to include his present claims in his pending state court appeal, Petitioner still has a state court remedy available to him as he can still file a motion for relief from judgment in the trial court under Michigan Court Rule 6.501 raising his federal claims.

Finally, Petitioner is not in danger of running afoul of the one-year statute of limitations. See 28 U.S.C. § 2244(d). The starting point for the one-year deadline will be 90 days after the Michigan Supreme Court disposes of Petitioner's current appeal, assuming he does not receive the relief he seeks.

### III. Order

Accordingly, the Court grants Respondent's motion to dismiss, and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Furthermore, the Court **DENIES** a certificate of appealability because jurists of reason would not debate the Court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court **DENIES** permission to appeal in forma pauperis because an appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

s/ Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Court

Dated: July 12, 2019